ROBERT WISNIEWSKI
ROBERT WISNIEWSKI P.C.
225 Broadway, Suite 1020
New York, New York 10007
(212) 267-2101

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

ALAA TANTAWY,

                                        Plaintiff,

                                                          **Docket No.:**

                    -against-

                                                          **JURY TRIAL DEMANDED**

CREATIVE FOOD GROUP HD LLC, CREATIVE
FOOD GROUP SYR, LLC., SANIYA ENTERPRISES INC,
ALTAF ISANI, and IKRAMUDDIN MANDANI
a/k/a IKRAM MANDANI,

                                        Defendants.

------------------------------------------------------------------------X

## COMPLAINT

Plaintiff Alaa Tantawy ("Tantawy" or "Plaintiff") by his attorneys, Robert Wisniewski

P.C., as and for his Complaint against the Defendants, Creative Food Group HD, LLC

("Creative HD"), Creative Food Group SYR, LLC  ("Creative SYR"), Saniya Enterprises Inc.

("Saniya"), Primo Coffee, Inc. ("Primo") (collectively, the "Corporate Defendants"), Altaf Isani

("A. Isani"), and Ikramuddin Mandani a//k/a Ikram Mandani ("Mandani")(collectively, the

"Individual Defendants") (the Corporate Defendants and the Individual Defendants are

collectively referred to as "Defendants") states as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action in connection with the blatant retaliatory termination of his

1

employment with the Defendants, due to his prior involvement in wage and hour litigation brought against the Defendants.

2. Plaintiff and other employees and former employees of the Defendants brought an action in 2014 asserting, among other things, violations of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("NYLL");   New York Labor Law ("NYLL"); Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. ("Title VII"), the New York Executive Law § 296 ("New York Human Rights Law") and under the New York City Charter and Administrative Code § 8-207 ("New York City Human Rights Law").

3. That prior litigation was settled via a court-approved agreement in November, 2015.

4. Throughout the course of that litigation and following that settlement, Plaintiff continued to work for the Defendants until his abrupt termination only two months after the terms of the settlement were judicially approved.

5. Defendants fired Plaintiff in direct retaliation for his participation in the earlier litigation.

6. In the ten months since the termination of his employment by Defendants, Plaintiff has had dozens of job interviews at which he has been obligated to mention his previous employment history with the Defendants, due to the length of time he worked thereat.

7. Despite these multiple interviews, Plaintiff has been unable to secure employment, apparently due to Defendants' "black balling" of Plaintiff during reference checks made by potential new employers.

## PARTIES, JURISDICTION AND VENUE

8. At all relevant times herein, Plaintiff Tantawy was and is a resident of the State of New

York, Queens County.

9.     At all times herein, Defendants Creative HD and Creative SYR were and are domestic limited liability companies duly organized under, and existing by virtue of, the laws of the State of New York, and presently having their principal place of business at: One Penn Plaza, Suite 1612, New York, New York 10119.

10.    At all times herein, Defendant Creative HD and Creative SYR  transacted and still transact substantial business and derived and still derive substantial revenue from business conducted in the State of New York.

11.    At all times herein, Defendant Saniya was and still is a domestic corporation duly organized under, and existing by virtue of, the laws of the State of New York, and presently having its principal place of business at: 1 Penn Plaza, Suite 1612, New York, New York 10119.

12.    At all times herein, Defendant Saniya transacted and still transacts substantial business and derived and still derives substantial revenue from services rendered in the State of New York.

13.    At all times herein, Defendant A. Isani was and is a resident of the State of New Jersey, but has been doing substantial business in, and maintaining continuous contacts with, the State of New York.

14.    At all times herein, upon information and belief, Defendant Mandani was and is a resident of the State of New York or has been doing substantial business in, and maintaining continuous contacts with the State of New York.

15.    The Individual Defendants are officers, directors, managers, majority shareholders, or

3

owners of the Corporate Defendants.

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under 29 U.S.C. § 201 et seq. (FLSA); 28 U.S.C. § 1337 (Regulation of Commerce), and 42 U.S.C. §2000e et seq.  This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

17. Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000, the activities of which affect interstate commerce in that the employees of said Defendants produce, sell or otherwise work on goods that have been moved in or produced for interstate commerce, and Defendants are thus employers subject to the jurisdiction of the FLSA.

18. This Court has personal jurisdiction over all Defendants in that the Corporate Defendants are incorporated in the State of New York, transact major business within the State of New York and have their principal place of business in New York; and the Individual Defendants are citizens and residents of the State of New York and perform work in the State of New York, or have substantial and continuing contacts with the state of New York.

19. This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in this district, and because all Defendants are doing business in, or may be found within, this district.

## JURY DEMAND

20. Plaintiff demands a trial by jury of all issues so triable in this action.

## **FACTUAL BACKGROUND**

21.    Defendants own and operate various alimentation and food service establishments in or
around the Pennsylvania Station in New York City, including Le Bon Café, Le Bon Café
II, Primo Cappuccino, Sierra Café and Café 34.  Plaintiff worked in each of these
establishments during the course of his employment with Defendants.

22.    The Individual Defendants are all of Indian descent.

23.    Plaintiff Tantawy is of Egyptian origin.

24.    Tantawy worked for the Defendants from on or about January 1, 2007 until his
unwarranted and retaliatory firing on January 13, 2016.

25.    During the course of his employment, Defendants misclassified Tantawy as a supervisor,
even though he spent a vast majority of his work time performing non-exempt duties
including, but not limited to, food preparation, receiving deliveries and stocking food,
making orders, counting money and putting money in a safe.

26.    Upon information and belief, Defendants' low-level employees consisted mostly of
people of African-American, Egyptian, Latino, and other non-Indian origins.

27.    Upon further information and belief, Defendants' managers and office employees were all
or predominantly all of Indian origin.

28.    Upon information and belief, Individual Defendants regularly engaged in belittling and
disparaging comments aimed at non-Indian people, such as saying "who would want to
work with or hire these [non-Indian] people?"

5

*Facts Relating to the Defendants as Joint Employers*

29.     At all relevant times herein, the Corporate Defendants were jointly responsible for the management and day-to-day operations of the restaurants.

30.     Upon information and belief, the Corporate Defendants each participated and received a substantial economic benefit from their common enterprise of the operation of the aforementioned food service establishments.

31.     Upon information and belief, the Corporate Defendants are controlled by the same owners, the Individual Defendants.

32.     At all relevant times herein, the Individual Defendants conducted business as the Corporate Defendants.

33.     At all relevant times herein, the Individual Defendants acted for and on behalf of the Corporate Defendants, with the power and authority vested in them as owners, officers, agents, and employees of the Corporate Defendants, and acted in the course and scope of their duty and function as agents, employees, and officers of the Corporate Defendants.

34.     At all relevant times, the Individual Defendants had control over the conditions of employment of the Plaintiff and others similarly situated, including their hiring and firing, their work schedules, the rates and methods of payment of their wages, and the maintenance of their employment records.

35.     At all relevant times, the Individual Defendants had operational control over the Corporate Defendants.

36.     As a matter of economic reality, all Individual and Corporate Defendants are joint employers of Plaintiff and, as a result, all Defendants, individually and collectively, and

jointly and severally, are liable for all claims made herein.

***Facts Relating to Piercing the Corporate Veil***

37.   Upon information and belief, the Corporate Defendants share ownership and control by the same owners, operate out of the same location, exchange employees, use the same equipment, and share a common principal office address.  Each provides mutually supportive services to the substantial advantage of the others such that each entity is operationally interdependent of the others, and therefore must be treated as a single enterprise.

38.   At all times herein, upon information and belief, the Individual Defendants used the Corporate Defendants in order to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose.

39.   Upon information and belief, in conducting the affairs of the Corporate Defendants, the Individual Defendants failed to comply with the corporate formalities, usurped the assets of  the Corporate Defendants for personal use, and commingled personal assets with the assets of the Corporate Defendants.

40.   Upon information and belief, the Corporate Defendants are the alter egos of the Individual Defendants, and as will be established at trial, for the purpose of the claims made by Plaintiff herein, the Corporate Defendants have no separate legal existence from the Individual Defendants, and, as a result, the Corporate Defendants and the Individual Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

*Facts Relating to the Prior Action and Its Settlement*

41.    On or about August 26, 2014, Plaintiff and several of his former co-workers caused to be
filed, in the United States District Court for the Eastern District on New York, a
Complaint in an action captioned "*Alaa Tantawy, Luis Carvajal, Noel Flores, Carolina
Meres and Nicolas Peralta on behalf of themselves and on behalf of all others similarly
situated by Creative Good Group JD LLC, Creative Food Group SYR, LLC, Saniya
Enterprises Inc., Altaf Isani, Saniya Isana, Ikramuddin Mandani a/k/a Ikram Mandani,
and Siraj Himani*", which was assigned Docket Number 14-cv-05062. (the "Prior
Action").

42.    An Amended Complaint in the Prior Action (collectively with the earlier Complaint,
"Complaint") was filed on September 4, 2014.

43.    In the Complaint in the Prior Action, plaintiffs therein asserted claims for, *inter alia*,
violations of the FLSA and NYLL, Title VII, New York Human Rights Law, and New
York City Human Rights Law.

44.    A Stipulation and Order to Transfer Venue of the Prior Action to the Southern District
was so ordered and entered November 19, 2014, and the Prior Action was subsequently
assigned Docket Number 14-cv-09265 in this Court.

45.    Following Defendants' filing of an Answer on January 13, 2015, the parties to the Prior
Action commenced settlement discussions which culminated in a settlement conference
before the Hon. Magistrate Judge Ronald L. Ellis on July 2, 2015.

46.    Settlement-in-principle of the Prior Action was achieved at the settlement conference, and
a motion to approve the subsequently drafted settlement agreement was filed in the Prior

Action on November 5, 2015.

47. By Order dated November 12, 2015, the Hon. Jesse M. Furman approved the settlement of the Prior Action.

***Facts Relating to the Termination of Plaintiff's Employment***

48. Throughout the course of the Prior Action and following its settlement, Plaintiff continued to be employed by the Defendants.

49. On January 13, 2016 - only two months after the judicial approval of settlement of the Prior Action - Plaintiff was at work at approximately 2 p.m. when he was summoned by A.Isani's nephew (known only to Plaintiff as "Sonny"),  come upstairs with him to the corporate offices of the Corporate Defendants, located on the 16th floor of One Penn Plaza, New York, New York.

50. Upon Plaintiff's and "Sonny's" arrival at the corporate offices, already present therein were A.Isani and Mandani.

51. A.Isani dispatched "Sonny" to go count money.  Following "Sonny's" departure from the office where they were gathered, A.Isani advised Plaintiff: "Today is your last day.  You will not be working here no more."

52. When Plaintiff asked why he was being fired, A.Isani advised him: "You were against me.  You cost me too much money.  I had to spend it on my lawyers and your lawyers."

53. The reference by A.Isani to Plaintiff allegedly having been "against" him and to the payment of multiple lawyers was an obvious reference to the Prior Action which had just been settled two months earlier.

54. Plaintiff asked A.Isani for his week's pay, as well as for vacation pay he had accrued.

55.     A.Isani then handed Plaintiff a letter, which he asked Plaintiff to sign. The letter stated in sum and substance that, in exchange for five thousand dollars, Plaintiff would not sue the Defendants in connection with the termination of his employment.

56.      A.Isani advised Plaintiff that, if he signed the letter then and there, A.Isani would double the payment, in cash, of the five thousand dollars set forth in the letter.

57.     Plaintiff advised A.Isani that he couldn't sign the letter before he had the letter reviewed by his attorney.

58.     A.Isani then replied to Plaintiff: "Then have your lawyer find you a fucking job.  Get out of here."

59.     A.Isani further advised Plaintiff: "You will never get a job as long as I am the owner of this business. . . You will never get a job because I will not recommend you or say a good thing about you."

60.     True to A.Isani's word, despite having gone on dozens of interviews in the intervening ten months since his retaliatory termination, Plaintiff has received no job offers.

61.     Plaintiff is obligated to mention his work history with Defendants at these interviews, due to the longevity of his employment with Defendants and the questions such a long gap in his work history would raise among potential employers should Plaintiff not mention his employment with Defendants.

62.     Upon information and belief, true to his word, A.Isani has been sabotaging Plaintiff's chances of securing new employment by "not recommend[ing]" and/or not "say[ing] a good thing about" Plaintiff when inquiries are received from potential new employers.

63.     Plaintiff has called Defendants' corporate offices on multiple occasions since his

termination, and has asked the secretary to have A.Isani and/or Mandani return his call.

64.   Plaintiff advised the secretary during these calls that Plaintiff has done nothing wrong, and wishes to speak with A.Isani and/or Mandani regarding ceasing the conveyance of any negative references should potential new employers call.

65.   Despite Defendants' secretary advising Plaintiff on multiple occasions that A.Isani and/or Mandini would return his calls, they have not done so.

## FIRST CLAIM FOR RELIEF
### (FLSA Retaliation against all Defendants)

66.   Plaintiff repeats and realleges each and every allegation previously made as if fully set forth herein.

67.   After Plaintiff and other employees commenced and participated in the Prior Action, Plaintiff was fired for his participation in that prior litigation.

68.   In committing such retaliatory acts, Defendants violated Section 215(a)(3) of the FLSA, which prohibits the discharge of any employee because such employee has caused to be instituted any proceeding under or related to the FLSA.

69.   Due to Defendants' illegal discrimination and retaliation, Plaintiff is entitled to all appropriate relief, including, but not limited to, reinstatement, enjoining Defendants from further retaliation, payment of lost and withheld compensation, back-pay, emotional distress damages, additional amounts such as liquidated damages, interest, and reasonable attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
**(NYLL Retaliation against All Defendants)**

70.    Plaintiff repeats and realleges each and every allegation previously set forth.

71.    Plaintiff instituted a proceeding against Defendants within the meaning and scope of Section 215 of the NYLL by filing the initial Complaint in the Prior Action on August 26, 2014.

72.    Defendants' behavior toward Plaintiff since the filing of the Complaint in the Prior Action including, but not limited to, the termination of Plaintiff for participating in the Prior Action, constitutes discrimination in violation of Section 215 of the NYLL.

73.    Due to Defendants' illegal discrimination and retaliation, Plaintiff is entitled to all appropriate relief, including, but not limited to, reinstatement, enjoining Defendants from further retaliation, payment of lost and withheld compensation, back-pay, emotional distress damages, additional amounts such as liquidated damages, interest, and reasonable attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
**(Title VII, 42 U.S.C. § 2000e et eq. Retaliation against All Defendants**

74.    Plaintiff repeats and realleges each and every allegation previously set forth.

75.     When employed by the Corporate Defendants, Plaintiff was an employee within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(f).

76.    At all relevant times herein, the Corporate Defendants were an employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(b).

77.    Title VII, 42 U.S.C. § 2000e-3(a) makes in unlawful for an employer "to discriminate against any of his employees ... because he has opposed any practice made an unlawful

employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

78.   Plaintiff filed a charge, testified, or assisted in a proceeding against Defendants within the meaning and scope of Title VII, 42 U.S.C. § 2000e-3(a) by filing the initial Complaint in the Prior Action on or about August 26, 2014.

79.   Defendants' behavior toward Plaintiff since the filing of the Complaint in the Prior Action including, but not limited to, the termination of Plaintiff for participating in the Prior Action, constitutes discrimination in violation of Title VII, 42 U.S.C. § 2000e-3(a).

80.   Due to Defendants' illegal discrimination and retaliation, Plaintiff is entitled to all appropriate relief, including, but not limited to, reinstatement, enjoining Defendants from further retaliation, payment of lost and withheld compensation, back-pay, emotional distress damages, additional amounts such as liquidated damages, interest, and reasonable attorneys' fees and costs.


### FOURTH CLAIM FOR RELIEF
**(N.Y. City Admin. Code § 8-107 Retaliation against All Defendants)**

81.   Plaintiff repeats and realleges each and every allegation previously set forth.

82.   At all relevant times herein, the Corporate Defendants had at least four persons in their employment, and therefore the Corporate Defendants and their agents and employees were required to comply with the Civil Rights Laws of the City of New York, including N.Y. City Admin Code § 8-107.

83.   Plaintiff filed a complaint, testified, or assisted in a proceeding against Defendants within

13

the meaning and scope of N.Y. City Admin Code § 8-107(7) by filing the initial

Complaint in the Prior Action on or about August 26, 2014.

84.    Defendants' behavior toward Plaintiff since the filing of the Complaint in the Prior

Action including, but not limited to, the termination of Plaintiff for participating in the

Prior Action, constitutes discrimination in violation of N.Y. City Admin Code § 8-107(7).

85.    Due to Defendants' illegal discrimination and retaliation, Plaintiff is entitled to all

appropriate relief, including, but not limited to, reinstatement, enjoining Defendants from

further retaliation, payment of lost and withheld compensation, back-pay, emotional

distress damages, additional amounts such as liquidated damages, interest, and reasonable

attorneys' fees and costs.


**FIFTH CLAIM FOR RELIEF**
**(N.Y. Executive Law § 296(e) Retaliation Against All Defendants)**

86.    Plaintiff repeats and realleges each and every allegation as previously set forth.

87.    At all relevant times herein, the Corporate Defendants had at least four persons in their

employ, and therefore the Corporate Defendants and their agents and employees were

required to comply with the Human Rights Laws of the State of New York, including

N.Y. Executive Law § 296.

88.    Plaintiff filed a complaint, testified, or assisted in a proceeding against Defendants within

the meaning and scope of N.Y. Executive Law § 296(e) by filing the initial Complaint in

the Prior Action on or about August 26, 2014.

89.    Defendants' behavior toward Plaintiff since the filing of the Complaint in the Prior

14

Action including, but not limited to the termination of Plaintiff for participating in the Prior Action, constitutes discrimination in violation N.Y. Executive Law § 296(e).

90.    Due to Defendants' illegal discrimination and retaliation, Plaintiff is entitled to all appropriate relief, including, but not limited to, reinstatement, enjoining Defendants from further retaliation, payment of lost and withheld compensation, back-pay, emotional distress damages, additional amounts such as liquidated damages, interest, and reasonable attorneys' fees.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiff demands a trial by jury and judgment against Defendants as follows:

1.    Compensatory damages in an amount to be determined at trial;

2.    Liquidated damages pursuant to FLSA and New York Labor Law;

3.    Plaintiff's costs and reasonable attorney's fees;

4.    Pre-judgment interest;

5.    Back pay and front pay, and all benefits to which Plaintiff is entitled; and

6.    Reinstatement of Plaintiff to his former position;

Together with such other and further relief that the Court deems just.

Dated: New York, New York
         November 3, 2016

                                          ROBERT WISNIEWSKI P.C.


                                   By:-------------/s/----------------------
                                          Robert Wisniewski (RW-5308)
                                          Attorneys for Plaintiff
                                          225 Broadway, Suite 1020
                                          New York, New York 10007
                                          (212) 267-2101